UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **SACV 19-1640-KK** | Date: | April 24, 2020 |
| Title: | *Alfredo R.¹ v. Andrew Saul, Commissioner of Social Security* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):      Attorney(s) Present for Defendant(s):

None Present                                            None Present

**Proceedings:   (In Chambers) Order to Show Cause Why Action Should Not Be Dismissed For Failure to Prosecute and Comply With Court Orders**

# I.
# BACKGROUND

On August 26, 2019, Plaintiff Alfredo R. ("Plaintiff"), who was at the time represented by counsel but is currently proceeding pro se, filed a Complaint challenging the denial of his applications for Disability Insurance Benefits by the Commissioner of the Social Security Administration ("Defendant").  ECF Docket No. ("Dkt.") 1.

On August 26, 2019, the Court issued a Case Management Order ("CMO") setting various dates, including the date by which Plaintiff was required to serve his portion of a Joint Stipulation on Defendant and the date by which the parties were to file a Joint Stipulation with the Court.  Dkt. 9.

On January 21, 2020, Defendant filed an Answer to the Complaint and lodged a copy of the Certified Administrative Record with the Court.  Dkts. 15, 17.  Pursuant to the Court's CMO, Plaintiff was, therefore, required to serve his portion of the Joint Stipulation on Defendant no later than February 25, 20120 and the Joint Stipulation was due on April 21, 2020.  See dkt. 9, CMO.

---

¹ Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

On February 11, 2020, the Court issued an Order granting Plaintiff's counsel's Motion to Withdraw as Attorney of Record and ordered Plaintiff's counsel to serve Plaintiff with a copy of such order by February 14, 2020.  Dkt. 18.  On February 28, 2020, Plaintiff's counsel filed a proof of service, indicating that on February 13, 2020, she served Plaintiff with a copy of the Court's order and notified Plaintiff "Please pay close attention to the briefing schedule.  The court is giving you until February 25, 2020, to send your portion of your argument to the governments' attorney . . . I will now close my file."  Dkt. 19.

On March 31, 2020, Defendant filed a Notice and Declaration of Non-Receipt of Plaintiff's Portion of the Joint Stipulation.  Dkt. 21.

## II.
## DISCUSSION

Under Federal Rule of Civil Procedure 41(b) ("Rule 41(b)"), the Court may dismiss an action with prejudice for failure to prosecute or failure to comply with any court order.  See Fed. R. Civ. P. 41(b).

Here, Plaintiff has failed to serve his portion of the Joint Stipulation as ordered by the Court.  Consequently, under Rule 41(b), the Court may properly dismiss the instant action with prejudice for failure to prosecute and comply with a court order.  Before dismissing this action, however, the Court will afford Plaintiff an opportunity to explain the failure and immediately serve his portion of the Joint Stipulation.

## III.
## ORDER

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, why this action should not be dismissed for failure to prosecute and/or comply with court orders.  Plaintiff shall have up to and including **May 15, 2020**, to respond to this Order.  **Plaintiff is cautioned that failure to timely file a response to this Order will be deemed by the Court consent to the dismissal of this action without prejudice.**

**IT IS SO ORDERED.**