UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO R.,[1] | Case No. SACV 19-1640-KK |
| Plaintiff, | |
| v. | ORDER DISMISSING ACTION WITHOUT PREJUDICE |
| ANDREW SAUL, Commissioner of Social Security, | |
| Defendant. | |

**I.**

**SUMMARY**

Plaintiff Alfredo R. ("Plaintiff") has filed a Complaint ("Complaint") challenging the decision of the Commissioner of Social Security ("Defendant") denying his application for Title II Disability Insurance Benefits. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). On April 24, 2020, the Court issued an Order to Show Cause why the action should not be dismissed for failure to prosecute and comply with Court orders because Plaintiff had not served his portion of the Joint Stipulation on Defendant. Plaintiff has not filed a response. Thus, for the reasons set

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

forth below, this action is DISMISSED without prejudice for failure to prosecute and comply with court orders.

## II.

## **BACKGROUND**

On August 26, 2019, Plaintiff, who was at the time represented by counsel but is currently proceeding pro se,[2] filed a Complaint pursuant to 42 U.S.C. § 405(g) challenging the decision of the Commissioner of Social Security denying his application for Title II Disability Insurance Benefits.  Dkt. 1.

On August 27, 2019, the Court issued a Case Management Order ("CMO") setting various dates, including the date by which Plaintiff was required to serve his portion of a Joint Stipulation on Defendant and the date by which the parties were to file a Joint Stipulation with the Court.  Dkt. 9.

On January 21, 2020, Defendant filed an Answer to the Complaint and lodged a copy of the Certified Administrative Record with the Court.  Dkts. 15, 17.  Pursuant to the Court's CMO, Plaintiff was required to serve his portion of the Joint Stipulation on Defendant no later than February 25, 2020 and the Joint Stipulation was due on April 21, 2020.  See dkt. 9.

On March 31, 2020, Defendant filed a Notice and Declaration of Non-Receipt of Plaintiff's Portion of the Joint Stipulation.  Dkt. 21.

On April 24, 2020, the Court issued an Order to Show Cause ("OSC") why the action should not be dismissed for failure to prosecute and comply with Court orders because Plaintiff had not served his portion of the Joint Stipulation on Defendant as

---

[2] On February 11, 2020, the Court issued an Order granting Plaintiff's counsel's Motion to Withdraw as Attorney of Record and ordered Plaintiff's counsel to serve Plaintiff with a copy of such order by February 14, 2020.  Dkt. 18.  On February 28, 2020, Plaintiff's counsel filed a proof of service, indicating that on February 13, 2020, she served Plaintiff with a copy of the Court's order and notified Plaintiff "Please pay close attention to the briefing schedule.  The court is giving you until February 25, 2020, to send your portion of your argument to the governments' attorney . . . I will now close my file."  Dkt. 19.

required by the Court's August 27, 2019 CMO. Dkt. 22. The Court granted Plaintiff until May 15, 2020 to respond to the OSC. Id. The Court explicitly warned:

**"Plaintiff is cautioned that failure to timely file a response to this Order will be deemed by the Court consent to the dismissal of this action with prejudice."** Id. (bold in original). Plaintiff has not filed a response.

## III.
## THE COMPLAINT IS DISMISSED
## FOR PLAINTIFF'S FAILURE TO PROSECUTE

### A.   APPLICABLE LAW

It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (stating standard applied in dismissal for failure to prosecute); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Omstead, 594 F.3d at 1084 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

### B.   ANALYSIS

In the instant action, the first two factors -- public interest in expeditious resolution of litigation and the court's need to manage its docket -- weigh in favor of dismissal. Plaintiff has not yet served his portion of the Joint Stipulation on

1 Defendant. This failure to prosecute and follow court orders hinders the Court's
2 ability to move this case toward disposition and suggests Plaintiff does not intend to
3 litigate this action diligently.

4       The third factor -- prejudice to defendant -- also weighs in favor of dismissal.
5 A rebuttable presumption of prejudice to a defendant arises when a plaintiff
6 unreasonably delays prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53
7 (9th Cir. 1994). Nothing suggests such a presumption is unwarranted in this case.

8       The fourth factor -- public policy in favor of deciding cases on the merits --
9 ordinarily weighs against dismissal. It is a plaintiff's responsibility, however, to move
10 towards disposition at a reasonable pace, and avoid dilatory and evasive tactics. See
11 Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not
12 discharged this responsibility despite having been: (1) instructed on his
13 responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned
14 of the consequences of failure to do so. See dkts. 9, 22. Under these circumstances,
15 the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's
16 failure to obey court orders or to file responsive documents within the time granted.

17       The fifth factor -- availability of less drastic sanctions -- also weighs in favor of
18 dismissal. The Court cannot move the case toward disposition without Plaintiff's
19 compliance with court orders or participation in this litigation. Plaintiff has shown he
20 is either unwilling or unable to comply with court orders by filing responsive
21 documents or otherwise cooperating in prosecuting this action.

22       Finally, while dismissal should not be entered unless a plaintiff has been
23 notified dismissal is imminent, see West Coast Theater Corp. v. City of Portland, 897
24 F.2d 1519, 1523 (9th Cir. 1990), the Court has warned Plaintiff about the possibility of
25 dismissal, see dkt. 22, Order.

26       Accordingly, in light of the factors set forth above and because Plaintiff has
27 been afforded multiple opportunities to avoid dismissal, the action is dismissed for
28 failure to prosecute and to comply with court orders.

## IV.
## **ORDER**

IT IS THEREFORE ORDERED that Judgment be entered dismissing this action without prejudice and without leave to amend.

Dated: May 27, 2020

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge